# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 268 | DATE | 7/18/2001 |
| CASE TITLE | G.M. Harston Construction etc. et al vs. The City of Chicago et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Joint motion to compel is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | JUL 19 2001 | |
| | Notices mailed by judge's staff. | date docketed | 24 |
| | Notified counsel by telephone. | CM | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail A 450 form. | | |
| | Copy to judge/magistrate judge. | 01 JUL 18 PM 1:45 | date mailed notice |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

G.M. HARSTON CONSTRUCTION )
CO., INC., and GLENN M. HARSTON, )
)
Plaintiffs, )
)
vs. ) No. 01 C 268
)
THE CITY OF CHICAGO, an Illinois )
municipal corporation, DAVID E. )
MALONE, and HARSTON/ )
SCHWENDENER A JOINT VENTURE, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff G. M. Harston Construction Co., Inc. (Harston Construction) is a minority owned and operated construction company and plaintiff Glenn M. Harston is its owner and president. Harston Construction became a major subcontractor for Harston/Schwendener A Joint venture (HSJV), a general contractor for the Lakefront Millennium Project at the north end of Grant Park. Harston Construction is the 51% owner of HSJV. The contract between the City of Chicago (City) and HSJV was terminated effective June 11, 2000, for the convenience of the City, as permitted by the contract. Plaintiffs allege that all of the HSJV subcontractors, except Harston Construction, were permitted to continue to perform all the work covered by their subcontracts, but that Harston Construction was offered the opportunity to perform only a portion of the work covered by its subcontracts. Further, they allege, the City has paid all the other subcontractors directly but has failed to pay Harston Construction. Plaintiffs claim that the restrictions on the performance of subcontract work were the result of racial discrimination. They also seek recovery of all amounts due and unpaid for past performance. HSJV, in turn, cross-claimed against the City for what it alleges



is due it for past performance, including the amounts that it may owe to Harston Construction.

The current dispute concerns the claims for amounts due and owing. Harston Construction and HSJV (for convenience hereinafter "plaintiffs") move for discovery of materials prepared by an independent auditor, Deloitte & Touche. Defendants claim a work product privilege with respect to all that material.

The City has structured the review to maximize the likelihood that the material will be protected. The resolution of cost issues arising from the termination is being orchestrated through the City's Law Department. Defendants have produced an engagement letter from Deloitte & Touche, dated September 1, 2000, in which it is recited that the Law Department is seeking assistance in anticipation of litigation, and the letter spells out in some detail the confidentiality attaching to the work produced. Even so, we believe plaintiffs are entitled to discovery of the materials, and we grant the motion.[1]

As far back as June 10, 2000, at the time of termination, the City advised that all termination claims would be reviewed by an independent auditing firm. That firm, the City later advised, was Deloitte & Touche. Since then plaintiffs, at the request of the City, have supplied various records to Deloitte & Touche, and representatives of the City, plaintiffs and the auditing firm have met from time to time respecting the ongoing review. Nevertheless, defendants claim that Deloitte & Touche was retained by their counsel, in anticipation of litigation, as a litigation consultant, and that its work is privileged pursuant to Rule 26(b)(3) and 26(b)(4)(B) of the Federal Rules of Civil Procedure.

The parties disagree about whether the material must have been created primarily to

---

[1] Plaintiffs argue that the engagement letter must have been prepared well after September 1, 2000. We need not consider that argument, and we assume for present purposes that the letter was signed as indicated.

assist in litigation or whether it is enough that one purpose was because of the threat of litigation, and whether or not there was here a sufficient anticipation of litigation. We choose to approach the issue from a somewhat different way.

It is obvious that the City believed that the claims, which are very substantial, were likely to end up in litigation, and it was not unreasonable in that belief. It is also clear that it sought to evaluate those claims in a manner that would protect that evaluation from disclosure. But it is equally obvious that the City had to work cooperatively with plaintiffs to determine the extent to which the parties could agree that amounts were due and owing. Its good faith performance of its obligations arising from the termination for convenience demanded no less. There was, then, a dual purpose for the evaluation – to determine what it believed was due and owing and to assess the strength of whatever litigation position it might take.

A dual purpose does not necessarily forfeit work product protection. When a defendant engages a non-testifying expert to assist in the defense, and his work has the incidental benefit of increasing product or workplace safety, or of product improvement, the protection is not lost. Santos v. Rando Machine Corp., 151 F.R.D. 19, 21 (D. R.I. 1993); Grindell v. American Motors Corp., 108 F.R.D. 94, 95 (W.D.N.Y. 1985); Hermsdorfer v. American Motors Corp., 96 F.R.D. 13, 15 (W.D.N.Y. 1982). But here the evaluation had to be made in any event. It was made, in that sense, in the ordinary course of business, just as insurance companies will, in the normal course, investigate possible claims, see Logan v. Commercial Union Insurance Co., 96 F.3d 971, 977 (7th Cir. 1996); Hugley v. The Art Institute of Chicago, 981 F.Supp. 1123, 1129 (N.D.Ill. 1997); Allendale Mutual Ins. Co. v. Bull Data Systems, Inc., 145 F.R.D. 84, 87 (N.D.Ill. 1992), and aircraft equipment companies will investigate air crashes, see In re Air Crash Disaster at Sioux City, Iowa, 133 F.R.D. 515, 520

(N.D. Ill. 1990). Indeed, <u>United States v. Aldman</u>, 134 F.3d 1194, 1202 (2d Cir. 1998), upon which defendants heavily rely, recognizes that documents that would have been created in essentially similar form irrespective of litigation are not protected. *And see* <u>Caremark, Inc. v. Affiliated Computer Services, Inc.</u>, 195 F.R.D. 610, 614 (N.D. Ill. 2000).

We are assuming that Deloitte & Touche was asked to review the claims presented and has, in written documents, given its best judgment on the basis of the records of the parties as to what it believes is and is not due and owing. Routing that information through attorneys no more confers protection than having an attorney prepare tax returns protects the resulting work papers. *See* <u>United States v. Frederick</u>, 182 F.3d 496, 500 (7th Cir. 1999). Indeed, it is difficult to believe that such a report reveals the thought processes or litigation strategies of attorneys. Those strategies may be shaped by the information provided by such a report, but that is true of all information available to attorneys and accessible through discovery. It may be that some discrete document is the result of an attorney's request for an analysis of a particular possible litigation position, but, for now, there is no indication that is so. The motion is granted.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

July 18, 2001.