# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 268 | **DATE** | 11/3/2003 |
| **CASE TITLE** | G.M. HARSTON CONSTRICTION CO., INC. vs. THE CITY OF CHICAGO, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion And Order. City defendants' motion for partial dismissal is granted in part and denied in part. Their motion regarding plaintiffs' sec. 1981 claims in Count II, and their Illinois Local Government Prompt Payment Act claim in Count V, are moot, given plaintiffs' submission of a second amended complaint. Counts I and II against Malone, Rice, Kinczyk, Kaderbek, Spieles and Kosiba, in their official capacities, are dismissed. However, the claims against Rice, Kinczyk, Kaderbek, Spieles and Kosiba, in their individual capacities, are not, for now, barred by the statute of limitations.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 04 2003 | 107 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

G.M. HARSTON CONSTRUCTION )
CO., INC., and GLENN M. HARSTON, )
)
      Plaintiffs, )
)
vs. ) No. 01 C 268
)
THE CITY OF CHICAGO, an Illinois )
municipal corporation, DAVID E. )
MALONE, and HARSTON/ )
SCHWENDENER A JOINT VENTURE, )
)
      Defendants. )

**DOCKETED**
**NOV 0 4 2003**

## MEMORANDUM OPINION AND ORDER

Plaintiffs G.M. Harston Construction Co., Inc. (Harston Construction) and Glen Harston, the president and sole shareholder of Harston Construction, brought this action against the City of Chicago (City), numerous City employees, and Harston/Schwendener A Joint Venture (HSJV), for violation of the equal protection clause of the Fourteenth Amendment of the U.S. Constitution, and 42 U.S.C. §§ 1981 and 1983. Defendants City and its named employees (collectively City defendants) move for partial dismissal of the plaintiffs' amended complaint. The motion is granted in part and denied in part.

## BACKGROUND

According to the allegations, in 1999 Harston Construction, a certified minority business enterprise (MBE), subcontracted with HSJV, a general contractor overseeing the construction of certain elements of the City's Millenium Park project. Soon after construction began, the City altered the design of the project, delaying HSJV's work and increasing its costs. In the spring of 2000, the City decided to terminate its public contracts with HSJV and its subcontractors and to rebid the revised project.

Prior to the termination of HSJV's contract on June 11, 2000, City representatives told

Harston Construction and other subcontractors that the City intended to allow them to finish the remaining work under their subcontracts. The City informed the subcontractors that it would enter into contracts with them and then assign the contracts to the general contractor chosen from the new bidding process. On June 13, 2000, the City gave Harston Construction a draft contract that included only its MBE credit-eligible work, not all of the work under its subcontracts with HSJV. Harston Construction informed the City of the non-MBE credit-eligible work that it had subcontracted with HSJV. However, the City told Harston Construction that it would only contract with the company for the performance of its remaining MBE credit-eligible work – originally identified on schedule C of the contract between the City and HSJV. Only subcontractors not identified as MBE's on schedule C were allowed to perform non-schedule C work. Harston Construction chose not to contract with the City for this reduced amount of work.

Since the termination of HSJV as a general contractor on the Millenium Park project, the City has paid all of HSJV's subcontractors, except Harston Construction, for the work performed from April 30, 2000, through June 11, 2000. The City refuses to pay HSJV the $3.879 million due (of which $2.737 million is owed to Harston Construction) until Harston Construction releases its liens placed against public funds under its contracts with HSJV.

Plaintiffs filed a complaint against the City, the City's chief procurement officer, David Malone, and HSJV on January 12, 2001. On July 21, 2003, plaintiffs filed an amended complaint, adding City employees Judith Rice, Richard Kinczyk, Stan Koderbeck, Paul Spieles, Hugh Murphy, and John Kosiba, as defendants. On August 26, 2003, plaintiffs filed a second amended complaint, which dropped one count of the amended complaint and modified another.

## DISCUSSION

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not the merits of the case. Triad Assocs., Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In deciding a motion to dismiss the court must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In their motion for partial summary judgment, the City defendants argue that (1) Counts I and II of the amended complaint fail to state a claim against Malone, Rice, Kinczyk, Koderbek, Spieles and Kosiba in their official capacities, (2) Counts I and II fail to state claims against Rice, Kinczyk, Koderbek, Spieles and Kosiba because they are barred by the applicable statute of limitations, (3) Count II fails to state a claim against the City defendants because they cannot be sued directly under 42 U.S.C. § 1981, and (4) Count V fails to state a claim against the City under the Illinois Local Government Prompt Payment Act, 50 ILCS 505/1 et seq. (2003). After the City defendants filed their motion for partial dismissal of the amended complaint, the plaintiffs submitted their second amended complaint (SAC) which rendered a number of the defendants' arguments moot. In their SAC, plaintiffs rewrote Count II to allege a violation of § 1983, and dropped Count V, claiming a violation of the Illinois Local Government Prompt Payment Act. Furthermore, in their response memorandum to City defendants' motion, plaintiffs acknowledge that since the City of Chicago is a named defendant in Count I and II, it is redundant to sue the named city employees in their official capacities in the same counts; thus, plaintiffs withdrew their allegations against the City employees in their official capacities.

Only one issue from defendants' motion remains for the court to decide: whether the claims against Rice, Kinczyk, Koderbek, Spieles, and Kosiba in Counts I and II are barred by the applicable statute of limitations. Since §§ 1983 and 1981 do not include limitation periods for filing actions, the forum state's statute of limitations for personal injury claims applies under 42 U.S.C. § 1988. *See* Wilson v. Garcia, 471 U.S. 261, 266-68 (1985); Goodman v. Lukens Steel Co., 482 U.S. 656, 661 (1987). In Illinois the applicable limitations period for §§ 1983 and 1981 claims is two years. Smith v. City of Chicago Heights, 951 F.2d 834, 839 (7th Cir. 1992).

Plaintiffs allege that the City defendants discriminated against them in June 2000.[1] Plaintiffs first filed an action against Rice, Kinczyk, Koderbek, Spieles, and Kosiba in their amended complaint on July 21, 2003, over three years after the alleged discrimination. Thus, it would appear that the statute of limitations bars the claims against these defendants. However, in their response to the motion for partial dismissal, plaintiffs argue that the statute of limitations was tolled by a written agreement between the parties. The plaintiffs' SAC did not refer to this tolling agreement or explain why the claims against the newly-named defendants could be filed after the two year tolling period.

City Defendants argue that the court should only consider the SAC and documents to which it refers in deciding this motion. The Seventh Circuit, however, has allowed for the consideration of materials outside the pleadings, stating, "'A plaintiff need not put all of the essential facts in the complaint;' he may add them by affidavit or brief in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint." Help at

---

[1] The second amended complaint doesn't state an exact date when the City confirmed that it would contract with Harston Construction only for its MBE credit-eligible work. However, plaintiffs received the City's contract for the MBE credit-eligible work on June 13, 2000 and became aware that the contract's omission of their other work was intentional soon afterwards.

Home, Inc. v. Medical Capital, L.L.C., 260 F.3d 748, 752-53 (7th Cir. 2001) *citing* Hrubec v. Nat'l R.R. Passenger Corp., 981 F.2d 962, 963-64 (7th Cir. 1992)(finding district court properly considered writings and affidavits not attached to pleadings, but submitted with plaintiff's reply to a motion to dismiss). The existence of a tolling agreement between the parties is not inconsistent with the pleadings, and so we consider the agreement in deciding this motion.

The tolling agreement, signed and dated by both parties on June 7, 2002, states in para. 1 that "All statute of limitations periods . . . controlling the time in which Harston must file a claim or cause of action against the Unnamed Parties for alleged violations of Federal Law concerning Harston in the award of certain subcontract work on Millenium Park are hereby tolled as of May 31, 2000, through and including September 9, 2002 . . ." In para. 2, plaintiffs agree not to file an amended complaint naming the "Unnamed Parties" as defendants prior to August 16, 2002. Plaintiffs further agree not to raise a statute of limitations defense for any filing which the City defendants submit between May 31, 2002, and the date plaintiffs' amended complaint is filed. Para. 3 affirms that the City defendants "will not raise a statute of limitations defense to any claim or cause of action for alleged violations of Federal Law concerning Harston in the award of certain subcontract work on the Lakefront Millenium Park in the lawsuit or in a complaint filed after May 31, 2002, and prior to September 10, 2002."

Plaintiffs argue that para. 1 clearly tolls all statute of limitations for over two years, allowing them to file claims against the unnamed City defendants (Rice, Kinczyk, Koderbek, Spieles, and Kosiba) until September 9, 2004. City defendants counter that the date, May 31, 2000, in para. 1 is a typographical error which is evident when the agreement is read as a whole. Furthermore, they contend that private parties do not have the power to extend the statute of limitations applicable to a federal cause of action.

If it were true that private parties could not agree to toll the statute of limitations for a federal cause of action, then as a matter of law the parties' tolling agreement would be ineffectual and the plaintiffs' claims would be barred by the statute of limitations. However, parties can contract to toll the statute of limitations for federal causes of action. *See* U.S. v. Harris Trust and Savings Bank, 390 F.2d 285, 288 (7th Cir. 1968)(holding that tolling agreement suspended running of statute of limitations in federal estate tax action); Hughes Aircraft Co. v. National Semiconductor Corp., 850 F.Supp. 828, 832 (N.D. Cal. 1994)(holding that the limitations period of the Patent Act may be tolled by parties' agreement); Xerox Financial Services Life Insurance Co. v. Salomon Bros., Inc., 1992 WL 151923 at *5 (N.D. Ill. 1992)(recognizing tolling agreement between parties in action for violations of Securities Act and Securities Exchange Act). In Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 875 (7th Cir. 1997), the Seventh Circuit recognized the validity of tolling agreements. Though City defendants argue that Doe only addressed agreements that shorten the statute of limitations, Judge Posner acknowledges parties' ability to extend the limitations period when he states, "If plaintiff's lawyer wanted a suspension of the limitations period during settlement negotiations he had only to ask the defendants to make a tolling agreement with him. Otherwise the time in which to sue would and did keep running." *Id.* at 875.

City defendants recognize that the parties' tolling agreement, if effective, would toll Illinois' two-year limitations period for personal injury claims. When a state's limitations period is applied to federal causes of action, so too are the state's tolling rules. Smith, 951 F.2d at 840; *see* Shropshear v. Corp. Counsel of City of Chicago, 275 F.3d 593, 596 (7th Cir. 2001)(holding that the state doctrine of equitable tolling governs when federal legislation employs state statute of limitations). Illinois' statute of limitations for personal injury actions is procedural, not jurisdictional. Smith, 951 F.2d at 839. Under Illinois law a statute of

limitations, which is procedural, may be waived by the parties. <u>Pantle v. Industrial Commission</u>, 335 N.E.2d 491, 493, 61 Ill.2d 365, 367 (Ill. 1975). Thus, the plaintiffs' and City defendants' express agreement to toll the statute of limitations could take effect. Since the law does not bar the parties from tolling the statute of limitations, we now turn to the City defendants' argument that the tolling agreement contains a typographical error which inadvertently extended the tolling period by two years.

City defendants argue that a reading of the tolling agreement, as a whole, clearly reveals that para. 1 should state that all statute of limitations are tolled beginning May 31, 2002, not May 31, 2000. They provide a number of reasons why the date should read May 31, 2002 – it corresponds with the time at which the parties first discussed entering into a tolling agreement; it mirrors the dates of paras. 2 and 3; it avoids rendering paras. 2, 3 and 4 meaningless; and it reflects the intention of the parties to settle the dispute quickly. In their surreply, the plaintiffs dispute that this date was a typographical error and that its inclusion makes the agreement ambiguous. They allege that the parties negotiated over the date and that the agreements' language is clear.

In deciding a motion to dismiss we resolve all ambiguity in the plaintiff's favor. <u>Thompson v. Illinois Dept. of Professional Regulation</u>, 300 F.3d 750, 753 (7th Cir. 2002). Though it does appear inconsistent to toll the statute of limitations for two years in para. 1 (extending the plaintiffs' right to sue until September 9, 2004), while acknowledging City defendants' right to claim a statute of limitations defense for any claim filed after September 10, 2002, in para. 3, this alone does not lead to the inevitable conclusion that a typographical error has been made. Since paras. 1, 2 and 3 serve different purposes, it is conceivable that the parties intended to include different time periods in each. The plaintiffs' allegation that the date in the signed tolling agreement was negotiated and intended, renders this claim

unsuitable for dismissal. Since the agreement appears to toll the statute of limitations from May 31, 2000, until September 9, 2002, plaintiffs' claims against Rice, Kinczyk, Kaderbek, Spieles and Kosiba are not barred by the limitations period.

This decision should not be read, however, as a determination of whether para. 1 contains a typographical error or whether the parties negotiated for the May 31, 2000, date. Though the parties argued these issues in their reply and surreply, with various factual representations, the court did not resolve them in order to render this judgment. As these issues are unresolved, the parties may re-present the arguments at a more appropriate time.

## CONCLUSION

For the foregoing reasons, City defendants' motion for partial dismissal is granted in part and denied in part. Their motion regarding plaintiffs' § 1981 claims in Count II, and their Illinois Local Government Prompt Payment Act claim in Count V, are moot, given plaintiffs' submission of a second amended complaint. Counts I and II against Malone, Rice Kinczyk, Kaderbek, Spieles and Kosiba, in their official capacities, are dismissed. However, the claims against Rice, Kinczyk, Kaderbek, Spieles and Kosiba, in their individual capacities, are not, for now, barred by the statute of limitations.

_James B. Moran_
JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 3, 2003.