IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

G.M. HARSTON CONSTRUCTION CO., )
INC., and GLENN M. HARSTON, )
)
Plaintiffs, )
)
vs. ) No. 01 C 268
)
THE CITY OF CHICAGO, an ILLINOIS )
municipal corporation, DAVID E. MALONE, )
JUDITH RICE, RICHARD KINCZYK, )
STAN KADERBEK, PAUL SPIELES, )
HUGH MURPHY, JOHN KOSIBA, and )
HARSTON/SCHWENDENER, a Joint Venture, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff G. M. Harston Construction Co. (Harston Co.) sued the City and seven individual defendants, claiming equal protection violations and racial discrimination claims, Counts I and II. On July 13, 2005, we granted summary judgment for those defendants, but we refused to relinquish jurisdiction over state law claims against the City. The City and the seven individual defendants now move for entry of a final judgment on Counts I and II, pursuant to Federal Rule of Civil Procedure 54(b). Because there is no just reason to delay entry of judgment, the motion is granted, and we enter final judgment for the City and the seven individual defendants against Harston Co. on Counts I and II.

Harston Co. opposes the entry of final judgment, contending that there is no compelling reason for its entry now, the order is generally at the instance of the losing party, an appeal now will increase costs, and perhaps the case will settle before trial. But the summary judgment completely disposed of the race claims and ended the case for the seven individual

defendants, but for an appeal. The overlap between the race claims and construction claims is minimal and not in dispute – Harston Co. was a general contractor and it was terminated. The record relating to the race claims is not large and is virtually wholly distinct from evidence relating to the construction claims. The Court of Appeals would not have to decide the same issues more than once even if there were subsequent appeals. While we recognize that Rule 54(b) motions should be sparingly granted, we also recognize that the present judgment falls within the parameters established in <u>Curtiss-Wright Corp. v. General Electric Co.</u>, 446 U.S. (1980) (where the prevailing party was the successful movant), unless there are equities or interests of sound judicial exercise counseling otherwise.

And we conclude there are not. The City's contention that plaintiff will attempt to use a possible future appeal as a bargaining chip is not particularly persuasive. It can continue to say "no," as it has consistently and aggressively done throughout this litigation. Nor does finality for the seven individuals carry much weight. We assume the City would pay any judgment. Still, they are entitled to know if they are going to be drawn back into the active defense of this litigation. The race claims have, moreover, been a distraction and, as we have observed before, have had an adverse impact upon the relationship of the parties. It is time to lay those claims, which this court concluded were insubstantial, to rest. Plaintiff has a right to appeal, but it need not. It is past time to focus upon the construction claims, which this case is all about. Hopefully, there is a framework in place by which the parties can move forward.

                                                    JAMES B. MORAN
                                                    Senior Judge, U. S. District Court

Oct. 26, 2005.