IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

G.M. HARSTON CONSTRUCTION CO., )
INC., and GLENN M. HARSTON, )
 )
        Plaintiffs, )
 )
vs. ) No. 01 C 268
 )
THE CITY OF CHICAGO, an ILLINOIS )
municipal corporation, DAVID E. MALONE, )
JUDITH RICE, RICHARD KINCZYK, )
STAN KADERBEK, PAUL SPIELES, )
HUGH MURPHY, JOHN KOSIBA, and )
HARSTON/SCHWENDENER, a Joint Venture, )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff G.M. Harston Construction Co. brought an action against the City of Chicago, David E. Malone, Judith Rice, Richard Kinczyk, Stan Kaderbek, Paul Spieles, Hugh Murphy, John Kosiba, and Harston/Schwendener, a joint venture ("HSJV"), for violations of federal and state law in connection with a subcontract for the City of Chicago's Millennium Park Project. HSJV subsequently filed cross-claims against the City of Chicago. Plaintiff's federal claims allege violations of its civil rights under 42 U.S.C. §§ 1981 and 1983 ("race claims"). Plaintiff's and HSJV's state claims allege breach of contract, entitlement to liens on public funds, and *quantum meriut* ("construction claims"). In an order dated July 13, 2005, the court granted defendants' motion for summary judgment on the federal race claims and denied defendants' motion to dismiss the remaining state claims without prejudice. G.M. Harston Const. Co., Inc. v. City of Chicago, 2005 WL 1667441 (N.D.Ill.2005). Now, defendant City of Chicago brings this motion to dismiss the remaining state construction claims and cross-claims

for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). Plaintiff and HSJV filed a joint response in opposition. For the reasons set forth below, defendant's motion is granted.[1]

## BACKGROUND

As this case has been before us for five years, we have sufficiently set forth the background in our previous orders. Therefore, for brevity's sake, we will not rehash them here.[2]

Defendant brings this motion to dismiss pursuant to Rule 12(b)(1). Under that rule we generally "accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir.1996). In our analysis we may consider additional evidentiary materials outside the complaint addressed to the jurisdictional question. *Id.*

In this case, plaintiff and HSJV bear the burden of proving subject matter jurisdiction. Angsten v. Blameuser, 2005 WL 3095513, *2 (N.D.Ill.2005) ("The plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met"); Coffee v. Ameritech, Inc., 2003 WL 168629, *1 (N.D.Ill.2003). And because defendant has made a factual, rather than facial, challenge to our jurisdiction over the state claims, plaintiff and HSJV must set forth evidence beyond the pleadings to prove jurisdiction. Berg v. BCS Financial Corp., 372 F.Supp.2d 1080, 1088-89 (N.D.Ill.2005) (motions that dispute whether the state and federal claims derive from a common nucleus of operative facts

---

[1] Plaintiff and HSJV also made a motion for leave to file a surreply. We considered their arguments and determined that they did not alter our analysis or outcome.

[2] For a full background, *see* Harston, 2005 WL 1667441; G.M. Harston Constr. Co., Inc. v. City of Chicago, 2003 WL 22508172 (N.D.Ill.2005).

challenge the sufficiency of the jurisdictional allegations and thus are factual challenges); American Dev., Inc. v. International Union of Operating Engineers, 1998 WL 246455, *1 (N.D.Ill.1998). As plaintiff and HSJV have not met their burden, we grant the City's motion and dismiss all remaining state claims against all defendants.

## DISCUSSION

This motion challenges the court's jurisdiction over plaintiff's and HSJV's remaining state law construction claims. Where a plaintiff brings both state and federal claims in one action, a federal court's supplemental jurisdiction over the state law claims is governed by 28 U.S.C. § 1367. Section 1367(a) grants a federal court the authority to hear supplemental state law claims where the court has original jurisdiction over the federal claim(s) and the state claim(s) are so related to the federal claim(s) "that they form part of the same case or controversy under Article III of the United States Constitution." Once a federal court finds the authority to hear state law claims under § 1367(a), the court can choose to decline to exercise that authority in light of the guidance set forth in § 1367(c)[3]. A federal court must analyze jurisdictional authority under § 1367(a), regardless of whether either party contests such jurisdiction. Myers v. County of Lake, Ind., 30 F.3d 847, 849 (7th Cir.1994) ("Litigants may not stipulate to federal jurisdiction, and federal judges must respect the limits on their adjudicatory power even if all litigants are content with the decision"). The federal court, however, must address the discretionary guidelines of § 1367(c) only if a party contests the exercise of such discretion. Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir.1997).

---

[3] 28 U.S.C. §1367(c) states: "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if – (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

In our order dated July 13, 2005, we declined to dismiss the state law construction claims, exercising the court's discretion under § 1367(c). Defendant suggests, however, that we do not now (and never did) have the authority to exercise jurisdiction under § 1367(a). As noted above, a federal court cannot get to the question of § 1367(c) discretion unless it has already determined that it has jurisdictional authority under § 1367(a). Therefore, as we exercised our discretion under § 1367(c), we necessarily must have determined we had the authority to do so under § 1367(a). As the City raises important considerations, however, we treat its motion as a motion to reconsider our analysis under § 1367(a).

Section 1367 codified the Supreme Court's decision in United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966). In Gibbs, the Supreme Court held that where a plaintiff brings both federal and state claims, a federal court has the authority to decide the state law claims as long as "the entire action before the court comprises but one constitutional 'case.'" 383 U.S. at 725. Supplemental jurisdiction requires that a federal claim has "substance sufficient to confer subject matter jurisdiction on the court" and that the state and federal claims "derive from a common nucleus of operative fact." *Id. See also* Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir.1995). In its simplest form, the Supreme Court guided us to accept jurisdiction if the plaintiff's claims "are such that he would ordinarily be expected to try them all in one judicial proceeding" *Id.* The City argues that this court lacks the authority to hear plaintiff's and HSJV's construction claims under both of Gibbs' required prongs. Specifically, it asserts that the operative facts necessary to prove the federal race claims are separate and distinct from the facts necessary to prove the state law construction claims. It also argues that, in light of its successful summary judgment motion on the race claims, the federal claims were insufficient to confer supplemental jurisdiction over the construction

claims.

We begin by analyzing whether the operative facts of the race claims sufficiently overlap with the operative facts of the construction claims. In making that determination, we will first set forth the essential elements of the federal and state law claims. Angsten, 2005 WL 3095513 at *3; Royal Towing, Inc. v. City of Harvey, 350 F.Supp.2d 750, 753 (N.D.Ill.2004). Then, we will address the parties' arguments as to whether the facts necessary to prove those elements are sufficiently overlapping so that we would generally expect the parties to resolve the claims in one judicial setting. Lynam v. Foot First Podiatry Centers, P.C., 919 F.Supp. 1141, 1148 (N.D.Ill.1996).

As noted in our previous opinion, to prevail on its race claims "plaintiff must show (1) it is a member of a protected class, (2) that it was similarly situated to persons outside the protected class, and (3) it was treated less favorably than those similarly situated persons." Harston, 2005 WL 1667441 (*citing* Bratton v. Roadway Package System, Inc., 77 F.3d 168, 176 (7th Cir.1996)).

Plaintiff's state law construction claims: breach of contract, lien on public funds, and *quantum meruit,* are alternate theories of recovery based on the same set of facts. To recover for a breach of contract claim, plaintiff must establish "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." Zirp-Burnham, LLC v. E. Terrell Associates, Inc., 826 N.E.2d 430, 439 (Ill.App.Ct.2005). For the lien claims, under the Illinois Mechanics Lien Act, § 23, 770 ILCS 60/2-23, one who furnishes material or labor to a contractor with a contract for public improvements will have a lien on the money due to that contractor as long as he notifies the municipality and serves a copy of the complaint upon the proper public

officials. *See* <u>Board of Library Trustees of Village of Westmont for Use and Benefit of Ozinga Bros., Inc. v. Conco Construction, Inc.</u>, 658 N.E.2d 473, 477 (Ill.App.Ct.1995). Finally, on a *quantum meruit* claim, plaintiff must establish that (1) plaintiff performed a service that benefitted defendant; (2) plaintiff performed the service non-gratuitously; (3) defendant accepted the service; and (4) no contract existed for the payment of the services. <u>Canel and Hale, Ltd. v. Tobin</u>, 710 N.E.2d 861, 868 (Ill.App.Ct.1999); <u>Owen Wagener & Co. v. U.S. Bank</u>, 697 N.E.2d 902, 908 (Ill.App.Ct.1998).

The City of Chicago contends that the operative facts necessary to prove the essential elements of the race claims center primarily on actions and relationships *after* the termination of the original contract. Further, it contends that the operative facts necessary to prove the essential elements of the construction claims center primarily on actions and relationships occurring *prior* to the termination of the contract. The City draws this analysis from the court's differentiation of the claims in its order of July 13, 2005. There, the court found that the contracts offered to plaintiff after the termination of the original contract were the "core of plaintiff's equal protection and discrimination of Counts I and II" and that the "real dispute" between the parties centered on the construction claims, the core of which was "what the City may owe plaintiff and/or HSJV for work performed prior to termination." <u>Harston</u>, 2005 WL 1667441.

As we agree with the City's distinction between the federal and state claims, we must determine whether that differentiation sufficiently separates the facts such that the operative facts do not overlap. Although the Seventh Circuit has held that a "loose factual connection" between the operative facts is generally sufficient (<u>Ammerman</u>, 54 F.3d at 424), the facts on which the claims are based cannot be so attenuated that they form different cases or

controversies. *See* Thomas v. Spencer W. Schwartz & Associates, P.C., 1996 WL 277616, *2 (N.D.Ill.1996); Eager v. Commonwealth Edison Co., 187 F.Supp.2d 1033 (N.D.Ill.2002).

Plaintiff and HSJV argue that there is sufficient factual overlap between the state and federal claims to meet the Ammerman standard. First, they argue that the fact that their "state-law claims incorporate and allege most of the allegations contained in Harston's federal claims in itself is sufficient to meet the 'loose connection' test" (joint response at 7). And while it is true that courts take that into account (*See* Freiburger v. Emery Air Charter, Inc., 795 F.Supp. 253, 258 (N.D.Ill.1992)), it is only one consideration in analyzing whether state and federal claims share operative facts. Ganan v. Martinez Mfg., Inc., 2003 WL 21000385, *2 (N.D.Ill.2003) ("Two factors courts generally look at to determine whether the state and federal claims are so related as to form part of the same case or controversy are: (1) whether the state claim realleges and incorporates allegations contained in the federal claim and (2) the temporal relationship between the two claims").

In this case, the temporal relationship is not present. It is true that courts in this district have held that lack of exact temporal similarity does not necessarily foreclose supplemental jurisdiction. *See* Royal Towing, Inc., 350 F.Supp.2d at 754-55 (cataloging cases where claims arising from different periods in time were related as an "ongoing pattern of hostilities," such that they derived from a common nucleus of operative fact). In this case, however, plaintiff and HSJV do not argue that the construction claims are part of the same pattern of discrimination that Harston alleged in the federal claims. In fact, although HSJV's construction claims mirror plaintiff's construction claims, HSJV does not even claim protected status for purposes of race discrimination. Therefore, we do not find that the state claims arise out of the same allegedly discriminatory conduct as the federal claims.

Second, plaintiff and HSJV claim that the operative facts of the federal and state claims overlap in that both require analysis of the contractual relationship among the parties, the nature and extent of Harston's subcontracts, and Harston's damages claims. Specifically, Harston and HSJV argue that "Harston's Race Claims merely involve a furtherance in the same contractual relationship out of which the state-law Construction Claims arose." (joint response at 11). While we agree that both the race claims and the construction claims require a reviewing court to assess the contractual relationship between the parties, such an overlap is insufficient because assessment of the contract for the race claims would have no impact on the assessment of the same contract for the construction claims. *See* Tucker v. Montgomery Ward & Co., Inc., 1987 WL 14616, *3-4 (N.D.Ill.1987) (dismissing state law claim where the only shared operative fact between the federal and state law claims was plaintiffs' discharge). The fact that both claims arose from an employment contract is insufficient to grant supplemental jurisdiction. Berg, 372 F.Supp.2d at 1093; Eager, 187 F.Supp.2d 1033; Farr v. Continental White Cap, Inc., 1992 WL 57198, *1 (N.D.Ill.1992); Buchbinder v. Weisser Companies, Inc., 679 F.Supp. 820, 822 (C.D.Ill.1987). And finally, the damages overlap is insufficient to show an "overlap of legally pertinent facts or legal principles." Citizens Marine Nat. Bank v. U.S. Dept. of Commerce, Economic Development Admin., 854 F.2d 223, 227 (7th Cir.1998) (defining "operative facts" as "the facts upon which the determination of liability ... was based").

In an order granting defendants' motion for entry of a final judgment on the race claims, we commented: "The overlap between the race claims and construction claims is minimal and not in dispute – Harston Co. was a general contractor and it was terminated. The record relating to the race claims is not large and is virtually wholly distinct from evidence

relating to the construction claims." G.M. Harston Const. Co., Inc. v. City of Chicago, 2005 WL 3605268, *1 (N.D.Ill.2005). And although plaintiffs are correct that the Rule 54(b) order did not in itself alter the jurisdictional authority of this court, our analysis of the overlap in the factual predicates for the federal and state claims resonates now as we determine whether we were incorrect in previously declining to relinquish jurisdiction over the state law claims.

This case has been lingering in our courtroom for five years. It has long been clear that this case is essentially a state law construction claims dispute. It should have been filed in state court. We have also recognized that the parties have taken very adversarial positions and that their relationship has been marked by a significant absence of trust. Despite this court's efforts to create a structure for the resolution of the dispute, the parties appear no closer to that goal than they were five years ago. It is in that context that we exercised discretion to retain jurisdiction, even though it was apparent that state law issues had always predominated.

Upon removal of the race claims, we had hoped that the parties would be able to move toward an amicable solution. As that has not occurred, we must recognize that although significant judicial effort has been expended on plaintiff's and HSJV's claims, such concern for judicial economy and a streamlined court process is insufficient for finding the authority to exercise supplemental jurisdiction under § 1367(a). *See* Myer, 30 F.3d at 849 (the "desire to curtail the cost of litigation is inadequate to support the judgment if the federal court lacks the *power* to decide"). The worst case scenario is that we preside over a lengthy trial when, it is later determined, we had no jurisdiction. The alternate best case scenario is that the parties keep focused on a fall trial and that a fall trial in state court can go forward. Therefore, we find that we do not have the authority or power to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

## CONCLUSION

For the foregoing reasons, we grant the City of Chicago's motion and dismiss plaintiff's and HSJV's remaining construction claims without prejudice.

                                                                        _____
                                                                              JAMES B. MORAN
                                                            Senior Judge, U. S. District Court

_March 3_, 2006.