IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

G. M. HARSTON CONSTRUCTION )
CO., INC., and GLENN M. HARSTON, )
 )
      Plaintiffs, )
 )
vs. ) No. 01 C 268
 )
THE CITY OF CHICAGO, an Illinois )
municipal corporation, et al., )
 )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

On July 13, 2005, we granted the motion for summary judgment on counts I and II, but refused to dismiss the state law claims. On October 20, 2005, we entered a Rule 54(b) final judgment on counts I and II. On March 3, 2006, we finally did dismiss the state law claims.

On May 2, 2006, defendants filed a petition for recovery of attorneys' fees. Plaintiff claims that petition is far too late, some 194 days after final judgment and well beyond the customary 90-day outer limit. Because the procedural lead up to the filing is somewhat confused and, indeed, very much disputed, we do not choose to rest on the delay, although, as will be evident, it has had some impact. Nevertheless, we deny the petition.

The racial discrimination claims of counts I and II provided the basis for federal jurisdiction. Their failure led to the dismissal of the lawsuit. We do not agree with the implicit suggestion of defendants that there is something inappropriate about alleging a somewhat weak federal claim to move a much larger dispute into federal court. That is a plaintiff's prerogative. Still, it was clear right from the start that this case was primarily a construction contract dispute, and a large one. We consistently so noted, we ruled upon review standards, and we pushed hard to get the plaintiff and the City to specify and quantify their differences.

In that context, the discrimination claims were a rather minor aspect of the litigation. The individual defendants contend that they, as public officials, should be treated the same as prevailing plaintiffs, particularly when being sued by a for-profit corporation motivated by its own economic interests. We reject that invitation to introduce a wholly new concept into §1988 law. The cases provide no support for it, they do not indicate that encouragement of the vindication of civil rights should be confined to the pure and the weak, and the concept is probably unworkable and certainly raises a number of new issues. For example, if an individual plaintiff successfully embraces a civil rights case because he believes in it, but also sees it as a springboard into public office, is he or she sufficiently pure of heart? Further, we think defendants overstate the adverse impact of litigation upon public officials. They had to sit through depositions. But they were represented by City attorneys and we are confident any judgment would have been paid by the City.

We conclude that the appropriate standard is whether the plaintiff filed frivolous discrimination claims or continued to pursue them after it was evident they were frivolous. Defendants rest on several grounds. They contend there was a contractual waiver of claims against the individual defendants, that they had obvious qualified immunity, that they had no policymaking authority and that they did not discriminate.

Here is where the passage of time has an impact. We ruled almost a year and-a-half ago that defendants were entitled to summary judgment, but we did so solely on the ground that plaintiff could not prove discrimination. We did not address the other grounds then urged, and we are reluctant to revisit or, rather, visit for the first time, those issues because of this belated fees petition.

We do note that defendants' contractual waiver argument rests upon Newton v.

Rumery, 480 U.S. 386 (1987). There is, however, a vast difference between settlement of a known claim and a blank license to permit, without remedy, any number of federal statutory and constitutional violations in the future. We note as well that qualified immunity is a defense that should be raised as early as possible, and could have been raised considerably earlier here. As we understand it, plaintiff had consistently claimed that the defendants had intentionally discriminated against it on the basis of race (which clearly is unlawful), but sought to prove it in a rather unconventional way. And it may well be that the individual defendants did not have policymaking authority, thus eliminating municipal liability, but they could be personally liable – and would be indemnified.

Thus the issue, from the perspective of a rather delayed hindsight, is whether the racial discrimination claims always were or became so frivolous that the City should recover fees. We do not find that to be so. When the suit was brought, plaintiff, a minority contractor, knew that all or almost all others had been granted an opportunity to continue to participate far greater than the opportunity afforded plaintiff. The ultimate reason for it – the interaction between minority participation and general contractor self-performance – had not been fully articulated. The lawsuit followed. Discrimination issues were not primary, they were eventually resolved, and plaintiff did not appeal. Plaintiff's loss on those issues led to the case moving into state court. That caused a loss of time, but, we presume, much of the legal effort relating to the construction contract issues is equally applicable to the state litigation. And that is where we believe we should leave it.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 5, 2006.